UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-PO-201-JLA

UNITED STATES OF AMERICA

v.

KEVIN RYAN

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS**
*(DOCKET #11)*

ALEXANDER, M.J.

Defendant, Kevin Ryan, was arrested for operating a motor vehicle under the influence of alcohol on August 31, 2007 at approximately 11:49 PM in Charlestown, Massachusetts, within the Boston National Historical Park.  U.S. Park Ranger David LaMere observed the defendant, Mr.  Ryan, operating his Black Nissan Pathfinder west on First Avenue heading towards Fifth Street in the Charlestown neighborhood of Boston.  As the defendant turned north onto Fifth Street, Officer LaMere observed the Nissan's front and rear driver's side tires cross over the center divide into the southbound lane.

The Officer then observed the Nissan continue to travel for several yards on Fifth Street with the front and rear tires of the driver's side on the wrong side of the center yellow lines.  Officer LaMere conducted a traffic stop of the Nissan on Chelsea Street near the intersection of Constitution Avenue, and identified the driver as the

defendant, Kevin Ryan. The defendant was ultimately charged with operating under the influence of alcohol in violation of 36 CFR 4.23(a)(1), refusal to submit to a breath alcohol test in violation of 36 CFR 4.23(c)(2), and unsafe operation in violation of 36 CFR 4.22 (b)(1).

**Discussion**

The defendant, Kevin Ryan, is before the Court on a motion to suppress challenging the validity of the motor vehicle stop of the defendant in violation of his rights pursuant to the Fourth Amendment to the United States Constitution. Mr. Ryan asseverates that Officer LaMere did not have a reasonable basis to suspect that he had engaged in a traffic violation. The defendant contends that the narrowness of the street and the parking configuration of the cars left him with no other alternatives but to cross the center line on Fifth Street.[1]

Law enforcement officials may stop a vehicle if they have reasonable suspicion to believe that a traffic offense has occurred. Whren v. United States, 517 U.S. 806, 819 (1996). Reasonable suspicion is a less stringent standard than probable cause. See

---

[1] The defendant argued that on either side of Fifth Street, parked vehicles contributed to the narrowness of the road. On cross examination of Officer LaMere, the defendant presented into evidence several photographs of the intersection of First Avenue and Fifth Street and inquired whether it was an accurate depiction of the area in question, to which the officer responded in the affirmative.
Upon reviewing the exhibits, there were no parked vehicles illustrated in the photographs that could lend credence to the defense's contention and therefore this argument must fail.

United States v. Taylor, 162 F.3d 12, 17 (1st Cir. 1998) (citing Michigan v. Long, 463 U.S. 1032, 1049 (1983)). The question, then, is whether Officer LaMere had reasonable suspicion to stop the Nissan after observing it cross over the yellow line. If not, this Court must suppress all evidence seized subsequent to the stop. United States v. Lopez, 989 F.@d 24, 27 (1st Cir. 1993); Wong Sun v. United States, 371 U.S. 471, 487-88 (1963) (establishing the "fruit of the poisonous tree" doctrine).

During the evidentiary hearing on this matter, the Court heard the credible testimony of Officer LaMere regarding his observations of the defendant's motor vehicle on August 31, 2007. From the officer's position on Baxter Street, he saw the defendant make a right turn from First Avenue onto Fifth Street crossing over the center line where there was sufficient space to make the turn and remain in the respective lane. Upon observing the defendant cross the center yellow lines and unsuccessfully navigate back over to the proper lane, Officer LaMare testified that he decided to conduct the traffic stop for unsafe operation. United States v. Caine , 517 F. Supp. 2d 586, 589 (D. Mass. 2007) ("The reasonableness of this assessment is based on the perspective of the reasonable officer, not the reasonable person.") (citing Terry v. Ohio, 392 U.S. 1, 21-22 (1968)).

The defendant further argues that the few seconds that he drove on the opposite lane, did not rise to the level of a traffic infraction. "Reasonable suspicion is an 'objective legal standard' and does not 'depend on the actual motivations of the

individual officers involved.'" Whren, 517 U.S. at 813. Police officers are allowed "to draw on their own experience and specialized training" in making a vehicle stop. United States v. Monteiro, 447 F.3d 39, 43 (1st Cir. 2006), citing, United States v. Arvizu, 534 U.S. 266, 273 (2002).

The defendant presented testimony of retired Massachusetts Police Officer Joseph Brook, now employed as a private investigator for the defense in this matter. Mr. Brook testified that on January 10, 2009, he positioned his vehicle in the same location as Officer LaMere did on the night in question. He observed several vehicles making turns from First Avenue onto Fifth Street. By Mr. Brooks own admission, there were at least two cars that crossed the center yellow lines in violation of the traffic laws. If Mr. Brook, a former state police officer with over thirty years of experience, can acknowledge that crossing the center yellow lines was a chargeable traffic offense, then, *a fortiari*, Officer LaMere's stop of the defendant after observing the defendant's vehicle crossing the center yellow lines in violation of the traffic law must be sustainable.

Consequently, the Court finds that Officer LaMere did have specific and articulable facts to support his suspicion that the defendant committed a traffic violation warranting a stop.

**Conclusion**

      Accordingly, the Defendant's Motion to Suppress is hereby DENIED.

SO ORDERED

| | |
|---|---|
| <u>January 30, 2009</u> | <u>/s/ Joyce London Alexander</u> |
| Date | United States Magistrate Judge |